IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

WILLIAM DARRELL EDWARDS,          §
                Petitioner,       §
                                  §
v.                                §          C.A. NO. C-06-117
                                  §
NATHANIEL QUARTERMAN,             §
                Respondent.       §

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division, and currently is incarcerated at the McConnell Unit

in Beeville, Texas.  Proceeding pro se, petitioner filed this habeas corpus petition

pursuant to 28 U.S.C. § 2254.  (D.E. 1).  On July 5, 2006, respondent filed a

motion to dismiss arguing that petitioner's habeas petition is time-barred.  (D.E.

17, at 6-8).  Petitioner filed a response to this motion on July 19, 2006.  (D.E. 19).

For the reasons stated herein, it is respectfully recommended that the

respondent's motion to dismiss be granted, and petitioner's habeas petition be

dismissed with prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  At the time of filing this action, petitioner was incarcerated in Beeville, Texas.

## II.  BACKGROUND

Petitioner was convicted of aggravated sexual assault and indecency with a child pursuant to four separate indictments in the 181st District Court of Potter County, Texas.  Ex parte Edwards, App. Nos. 53,987-06 at 1; 53,987-07 at 1; 53,987-08 at 1; 53,987-09 at 1.  The cases were consolidated into one trial at which he pleaded not guilty to all the charges.  Id.  A jury found him guilty of all the charges, and he was assessed life sentences for the aggravated sexual assault charges and twenty year terms for the indecency with a child charges.  Id.  He filed a notice of appeal, but his appeals were dismissed by the Seventh Court of Appeals of Texas on June 13, 2002 because they were untimely filed.  Edwards v. State, Nos. 07-02-0131-CR; 07-02-0132-CR; 07-02-0133-CR; 07-02-0134-CR, slip op. (Tex. App. June 13, 2002).

On September 9, 2002, petitioner sought an out-of-time appeal from the Texas Court of Criminal Appeals through four separate state habeas corpus applications.  Ex parte Edwards, App. Nos. 53,987-01; 53,987-02; 53,987-03; 53,987-04.  On November 13, 2002, his request to file an out-of-time appeal was granted.  Ex parte Edwards, No. 74,483; 74,484; 74,486, slip op. at 2 (Tex. Crim.

App. 2002).  He filed an appeal with the Seventh Court of Appeals based on five grounds of error, which was ultimately denied by the appellate court.  Edwards v. State, Nos. 07-03-0001-CR; 07-03-0002-CR; 07-03-0003-CR; 07-03-0004-CR, slip op. (Tex. App. Dec. 16, 2003).  The Texas Court of Criminal Appeals denied his petition for discretionary review ("PDR") on June 9, 2004.  Edwards v. State, PDR Nos. 19-04; 20-04; 21-04; 22-04 (Tex. Crim. App. 2004).

On September 12, 2005, petitioner filed state habeas corpus applications substantively challenging his convictions and sentences.  Ex parte Edwards, App. Nos. 53,987-06; 53,987-07; 53,987-08; 53,987-09.  The Texas Court of Criminal Appeals denied all of his applications without written order on February 22, 2006. Id.  He subsequently filed this petition on March 7, 2006.  (D.E. 1, at 9).

## III.  PETITIONER'S ALLEGATIONS

Petitioner argues that he is entitled to habeas relief based on the following grounds: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) evidentiary errors; and (4) he is entitled to equitable tolling because he was denied due process and equal protection when he was unable to timely procure a record of his trial.  (D.E. 1, at 7-8, 10-11).

## IV.  DISCUSSION

Respondent does not address the merits of petitioner's claims, but rather moves the Court to dismiss petitioner's habeas petition as time-barred.  (D.E. 17).

**A.      Motion to Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to

dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v.

Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a motion

to dismiss, a court must accept the plaintiff's factual allegations as true, and view

these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v. Se.

Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted);

Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not

look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank,

970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which

entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord

Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus,

the central question before the Court is whether the plaintiff's complaint states any

valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M

Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.      Statute of Limitations.**

Respondent seeks to dismiss petitioner's habeas petition on the grounds that

the application was filed outside the one-year limitations period set by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  (D.E. 17, at

6-8).  Regarding the deadline for filing an application for writ of habeas corpus, the

AEDPA provides that the one-year limitations period runs from the latest of four

alternative dates:

> (A)    the date on which the judgment became final
>        by the conclusion of direct review or the
>        expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an
>        application created by State action in violation of
>        the Constitution or laws of the United States is
>        removed, if the applicant was prevented from
>        filing by such State action;
>
> (C)    the date on which the constitutional right asserted
>        was initially recognized by the Supreme Court, if
>        the right has been newly recognized by the
>        Supreme Court and made retroactively applicable
>        to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim
>        or claims presented could have been discovered
>        through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks

state post-conviction writ review:

> The time during which a properly filed application for
> State post-conviction or other collateral review with

---

[1] Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of
AEDPA.  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas
petitions filed after its effective date of April 24, 1996).

> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

Here, the Seventh Court of Appeals dismissed petitioner's direct appeals on June 13, 2002.  See Edwards v. State,  Nos. 07-02-0131-CR; 07-02-0132-CR; 07-02-0133-CR; 07-02-0134-CR, slip op. (Tex. App. June 13, 2002).  In order to pursue a direct appeal of his case, he was required to file a PDR within thirty days of this denial.  See Tex. R. App. Proc. 68.2(a).  He did not file a PDR within this time period.  Accordingly, final judgment in his case occurred on July 13, 2002 at which time the AEDPA's limitations period began to run.  The limitations period expired on July 13, 2003 absent tolling.

Petitioner filed his first state habeas corpus application on September 9, 2002 seeking an out-of-time appeal.  See Ex parte Edwards, App. Nos. 53,987-01; 53,987-02; 53,987-03; 53,987-04.  He was permitted to appeal his convictions and file a PDR.  His application tolled the limitations period until June 9, 2004 when the Texas Court of Criminal Appeals refused to review his PDR.  See Edwards v. State, PDR Nos. 19-04; 20-04; 21-04; 22-04 (Tex. Crim. App. 2004).  Prior to this tolling of the limitations period, 58 days of his one year to file a federal habeas petition had been expended.  The limitations period began to run once again on June 9, 2004, when his PDR was denied.  At that time, there were only 307 days

remaining of the one-year limitations period.  Thus, the limitations period expired on April 12, 2005.  He did not file this habeas petition until March 7, 2006, approximately eleven months after AEDPA's limitations period expired, making it time-barred.[2]

Petitioner argues that he is entitled to equitable tolling of AEDPA's limitations period.  (D.E. 1, at 8); (D.E. 19, at 3-7).  He alleges that he was impeded by the State in obtaining a copy of the trial transcript because "the Court held him to the strick [sic] standards of an attorney."  (D.E. 19, at 3).  He claims that he exercised due diligence in attempting to obtain the records, and to deny him review of his federal habeas application would deny him "his Right to be heard."  Id.

Despite petitioner's assertions, it is respectfully recommended that he has not shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the cause of action, or is

---

[2] Petitioner's second set of state habeas applications filed on September 12, 2005 did not serve to toll the federal limitations period because they were filed five months after the limitations period had expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (where a state habeas application is not filed until after the federal limitations period has run, pursuant to § 2244(d)(2), filing does not toll the limitations period).  Furthermore, his writ of mandamus filed on February 17, 2005 also did not toll the federal limitations period.  See Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (writ of mandamus that does not seek review of judgment and conviction does not toll the AEDPA's limitations period).

prevented in some extraordinary way from asserting his rights.  <u>Coleman v.
Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted).
Excusable neglect does not support equitable tolling.  <u>Id.</u>  Because equitable tolling
is available only when the petitioner meets the high hurdle of showing that
extraordinary circumstances beyond his control made it impossible to file his
petition on time, equitable tolling is inappropriate in most cases.  <u>See</u> <u>Fisher v.
Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999) (citation omitted) (commenting that
district courts may allow an untimely petition to proceed under the doctrine of
equitable tolling only in extraordinary circumstances).  A prisoner proceeding <u>pro
se</u> is not a "rare and exceptional" circumstance.  <u>Felder v. Johnson</u>, 204 F.3d 168,
171 (5th Cir. 2000) (citations omitted).  Thus, it is respectfully recommended that
petitioner's habeas petition be dismissed as time-barred.

**C.      Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a
habeas corpus proceeding "unless a circuit justice or judge issues a certificate of
appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a
notice of appeal, it is respectfully recommended that this Court nonetheless address
whether he would be entitled to a certificate of appealability.  <u>See</u> <u>Alexander v.
Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may <u>sua</u> <u>sponte</u> rule on
a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

9

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 17), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice as time-barred. It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of August 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).